# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SAYLOR R. W.[1],                                          Case No. 3:23-cv-51
    Plaintiff,                                       Litkovitz, M.J.

    vs.

COMMISSIONER OF                              **ORDER**
SOCIAL SECURITY,
    Defendant.

Pro se plaintiff Saylor W. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner).  On February 2, 2022, an administrative law judge (ALJ) issued a decision finding that plaintiff's monthly supplemental security income (SSI) benefit had been properly reduced.  (*See* Doc. 6-1 at PAGEID 27-32 (Ex. 1 to Mapp Decl.)).  On November 23, 2022, the Appeals Council denied review.  (*See id.* at PAGEID 35-37 (Ex. 2 to Mapp Decl.)).  Plaintiff initiated this action on February 15, 2023.  On April 11, 2023, the Commissioner filed a motion to dismiss for failure to state a claim or, alternatively, motion for summary judgment premised on plaintiff's failure to file her action within the 60-day limitations period established in the Social Security Act.  (Doc. 6).  *See* 42 U.S.C. § 405(g).  The next day, the Court issued a notice to plaintiff that her case could be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) if she did not respond to the Commissioner's motion within 21 days.  (Doc. 7).  To date, plaintiff has not filed a response.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

On May 24, 2023, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of the Order, why the Court should not dismiss this case for want of prosecution.  (Doc. 15).  To date, plaintiff has failed to respond to the Order to show cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to show cause (Doc. 56) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

Plaintiff's case is therefore **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons, an appeal of this Order would not be taken in good faith and therefore may not be taken in forma pauperis.  Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED**.

Date: 6/12/2023

Karen L. Litkovitz
Chief United States Magistrate Judge